**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FELIX DOPAZO-BARROSO,

Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,

Respondents.

Case No.: 3:26-cv-1558-CAB-DEB

**ORDER:**

**(1) PARTIALLY GRANTING A WRIT OF HABEAS CORPUS; and**

**(2) DENYING MOTION TO APPOINT COUNSEL, [Doc. No. 2].**

Petitioner Felix Dopazo-Barroso ("Petitioner"), an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner argues that his prolonged detention violates the Due Process Clause of the Fifth Amendment. [*Id.* at 17–18.] For the following reasons, the Court **PARTIALLY GRANTS** a writ of habeas corpus and **DENIES** the motion to appoint counsel.

**I. BACKGROUND**

Petitioner is a native and citizen of Cuba who entered the United States in September 2017 as a parolee. [Doc. No. 6 at 2.] He has not adjusted his status to that of lawful permanent resident. [*Id.*] Immigration and Customs Enforcement ("ICE") took Petitioner

into immigration custody on May 25, 2025 following his release from a Miami-Dade County Jail. [*Id.*] ICE concluded that Petitioner was inadmissible and subject to mandatory detention under 8 U.S.C. § 1226(c) due to his criminal record, including an April 10, 2025 controlled substance conviction. [*Id.*] On March 3, 2026, the immigration judge ("IJ") denied Petitioner's applications for relief and ordered him removed to Cuba. [*Id.*] Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA") where briefing was completed on June 26, 2026. [Doc. No. 10.]

**II. LEGAL STANDARD**

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

**III. DISCUSSION**

It is undisputed that Petitioner is subject to detention under 8 U.S.C. § 1226(c)(1)(B) due to his controlled substance conviction. [Doc. No. 6 at 2–3.] The issue before the Court is thus whether, under the circumstances of this case, Petitioner's detention for over a year under § 1226(c) violates his due process rights.

Respondents contend that § 1226(c)(1)(B) mandates Petitioner's detention until the conclusion of his removal proceedings. In *Demore v. Kim*, the Supreme Court rejected a facial constitutional challenge to § 1226(c) and affirmed that a noncitizen may be detained thereunder "for the brief period necessary for their removal proceedings." 538 U.S. 510, 513 (2003). However, the Supreme Court did not "foreclose as-applied challenges" to § 1226(c). *Nielsen v. Preap*, 586 U.S. 392, 420 (2019).

While the Ninth Circuit has not yet decided whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c), multiple other circuits have found it does. *See Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) ("[W]e adhere to the notion that

the Due Process Clause imposes some form of reasonableness limitation upon the duration of detention under section 1226(c).") (cleaned up); *Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (noting that the *Demore* Court "said nothing about whether due process may *eventually* require a hearing") (emphasis in original); *German Santos v. Warden*, 965 F.3d 203, 209–10 (3rd Cir. 2020) (holding that noncitizens detained under § 1226(c) may bring as-applied due process challenges).

The Court finds persuasive the reasoning of the *Reid, Black*, and *German Santos* courts and incorporates their reasoning here. The Court therefore joins its many sister courts that have likewise held that unreasonably prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process. *See Blake v. Mullin*, No. 3:26-cv-00844-BTM-SBC, 2026 WL 913130, at *2 (S.D. Cal. Apr. 2, 2026) (collecting cases) (citation omitted). The Court now turns to whether Petitioner's detention has become unreasonably prolonged.

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention becomes unreasonably prolonged and violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" *Banda*, 385 F. Supp. 3d at 1119, Petitioner's appeal to the BIA remains pending, and the "undetermined, but likely significant, period of

mandatory detention through the appeals process" weighs in favor of Petitioner. *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025). As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G. v. LaRose*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026). Thus, the third factor favors Petitioner.

As to the fourth and fifth factors, there is no evidence either side has caused any delays. The Court finds these two factors are effectively neutral. Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, and three weigh for Petitioner, while factors four, five, and six are neutral. The Court thus concludes that Petitioner's continued mandatory detention under § 1226(c) without a bond hearing violates his right to due process.[1] Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **August 26, 2026**, unless Petitioner requests a continuance. The government bears the burden of establishing by clear and

---

[1] Respondents contend that the Court should use the test in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). [Doc. No. 6 at 7.] "Whether the Court considers the issue under the test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022), or *Banda v. Nielsen*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), the result would be the same. Petitioner's detention is prolonged and can continue for many more months or years." *Blake v. Mullin*, No. 3:26-CV-00844-BTM-SBC, 2026 WL 913130, at *2 (S.D. Cal. Apr. 2, 2026)

convincing evidence that Petitioner is a flight risk or a danger to the community. *See Maldonado-Romero v. Warden of Imperial Reg'l Det. Facility*, No. 3:26-CV-02366-RBM-SBC, 2026 WL 1333758, at *4 (S.D. Cal. May 13, 2026). If requested by Petitioner, Respondents shall assist Petitioner in obtaining an audio recording of the bond hearing.

The motion to appoint counsel is **DENIED as MOOT**.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: August 12, 2026

Hon. Cathy Ann Bencivengo
United States District Judge